UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cv-301-FDW
(3:97-cr-40-FDW)

| | |
|---|---|
| JUAN BAUTISA ALOMIA TORRES, ) ) ) **Petitioner,** ) ) v. ) ) UNITED STATES OF AMERICA, ) ) ) **Respondent.** ) ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's "Opposition to the Court's Order of Instructions," (Doc. No. 25), that is construed as a motion to reconsider the Court's March 21, 2018, Order, (Doc. No. 24), construing his Motion to Reopen these § 2255 proceedings as a new successive § 2255 civil case.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted).

Construing Plaintiff's pleading liberally, it appears that he is moving to alter or amend, under Rules 59(e) of the Federal Rules of Civil Procedure. A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a

motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Petitioner essentially argues that the Court erred by opening his *pro se* Rule 60(b) Motion to Reopen this § 2255 case in a new civil case, number 3:18-cv-148. The Court concluded in that case that the Rule 60(b) motion was actually an unauthorized second or successive § 2255 Motion to Vacate that was dismissed for lack of jurisdiction. See (3:18-cv-148, Doc. No. 2). Petitioner fails to identify any new evidence that could not have been presented, earlier, any change of law, or a clear error that would result in a manifest injustice. Thus Petitioner has failed to show the existence of the limited circumstances under which a Rule 59(e) motion may be granted, and this Motion will be denied.

### IV. CONCLUSION

For the reasons stated herein, the present pleading is construed as a Rule 59(e) motion for reconsideration and is denied.

**IT IS, THEREFORE, ORDERED:**

1. Petitioner's "Opposition to the Court's Order of Instructions," (Doc. No. 25), is construed as a Rule 59(e) motion for reconsideration and is **DENIED**.

Signed: October 3, 2018

Frank D. Whitney
Chief United States District Judge